```
 1  PAUL ANDRE (State Bar No. 196585)
    pandre@kramerlevin.com
 2  LISA KOBIALKA (State Bar No. 191404)
    lkobialka@kramerlevin.com
 3  KRAMER LEVIN NAFTALIS & FRANKEL LLP
 4  990 Marsh Road
    Menlo Park, CA 94025
 5  Telephone: (650) 752-1700
    Facsimile: (650) 752-1800
 6
 7  Attorneys for Plaintiff
    DUCKHOLE, INC.
 8
```

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DUCKHOLE, INC., an Arizona corporation, | Case No.: 12-cv-10077-JAK(CWx) |
| Plaintiff, | |
| v. | AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| NBCUNIVERSAL MEDIA LLC, a Delaware limited liability company, OPEN 4 BUSINESS PRODUCTIONS LLC, a Delaware limited liability company, UNIVERSAL NETWORK TELEVISION, LLC, a California limited liability company, AMERICAN WORK, INC., a New York corporation, and DOES 1-10 | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff DuckHole, Inc., (hereinafter "DuckHole") brings this Complaint for Copyright Infringement and Jury Demand ("Complaint") against Defendants NBCUniversal Media, LLC, Open 4 Business Productions, LLC, Universal Network Television, LLC and American Work, Inc. (hereinafter "Defendants") and alleges as follows:

## THE PARTIES

1. DuckHole is corporation organized and existing under the laws of the state of Arizona, with its principle place of business at 25444 N. 113th Way, Scottsdale, Arizona 85255.

2. On information and belief, NBCUniversal Media LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 30 Rockefeller Plaza, New York, New York 10112.

3. On information and belief, Open 4 Business Productions LLC is a Delaware limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, California 91608.

4. Universal Network Television, LLC is a Delaware limited liability company organized with its principal place of business at 100 Universal City Plaza, Universal City, California 91608.

5. On information and belief, American Work, Inc. is a New York corporation with its principal place of business at 9100 Wilshire Boulevard, Suite 400W, Beverly Hills, California 90212.

## JURISDICTION AND VENUE

6. This action arises under the Copyright Act, 17 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over Plaintiffs' claim for copyright infringement pursuant to 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400 because a substantial part of the events giving rise to the claims asserted herein arise in this district, and Defendants, upon information and belief, are and at all times were doing business in this district.

8. This Court has personal jurisdiction over Defendants pursuant to Rule 4(K)(1)(a) of the Federal Rules of Civil Procedure because, upon information and belief, Defendants have conducted and continues to conduct substantial business in the State of California, and in this District. This

1  business includes owning and operating media production companies for the purposes of directly
2  marketing, selling, distributing, and supporting various goods and services to people in California,
3  including residents of California.

## FACTUAL BACKGROUND

9. Plaintiff brings this action for federal copyright infringement arising from Defendants' misappropriation of a television series, tentatively entitled *PETS*, created by Paul J. Andre in 2010, and assigned to DuckHole. Defendants have adapted the now entitled television series, *Animal Practice* ("Series") that airs on NBC from Plaintiff's copyrighted material entitled *PETS*. The Series is substantially identical and, at best, a derivative work of *PETS*, which is based on an original copyrighted *PETS* treatment owned and registered to Plaintiff.

10. On December 12, 2010, Paul J. Andre registered the treatment entitled *PETS* with the Writers Guild of America ("WGA"), and received the registration number 1474876. Subsequent to the WGA registration, Mr. Andre assigned all rights in *PETS* to Plaintiff, and registered the copyright with the United States Copyright Office.

11. The *PETS* show concept is a sitcom set in a veterinarian clinic, and focused on a brilliant veterinarian that "prefers the company of animals to people." The Series *Animal Practice* is set in a veterinarian clinic, and is focused on "a brilliant and dedicated veterinarian who overwhelmingly prefers pets to their owners." The Series concept of centering on a veterinarian that is good with animals but not so good with people, and the setting in a veterinarian clinic are substantially identical, and at least derivative of the concept and setting in *PETS*.

12. In the copyrighted *PETS* treatment, the veterinarian's love interest knows "next to nothing" about animals, and does not get along with the veterinarian. However, due to certain circumstances, the love interest spends significant time at the client and has ample opportunity to interact with the veterinarian, and the sexual tension between them is apparent. In the Series *Animal Practice*, the veterinarian's love interest has a "lack of experience with animals" and "butts head" with the veterinarian, but due to certain circumstances, the love interest spends significant time at the client

1 and has ample opportunity to interact with the veterinarian. Because of the "romantic history"
2 between them, the sexual tension is apparent. The Series main characters are substantially identical,
3 and at least derivative of the main characters in *PETS*.

4     13.    The supporting characters in the copyrighted *PETS* treatment include: (i) David – the
5 veterinarian's colleague and "best 'human' friend" who "is woefully inadequate at the dating scene,"
6 (ii) Peg – the "hard-as-nail" employee of the clinic, (iii) Brenda – a "clueless" assistant at the clinic,
7 and (iv) Bud – the resident pet at the clinic. The supporting characters in the Series *Animal Practice*
8 include: (i) Doug – the veterinarian's colleague and "closest 'human' friend" who is "hapless in
9 matters of the heart," (ii) Juanita – the "take-charge" clinic employee, (iii) Angela – an "eccentric"
10 assistant at the clinic, and (iv) Dr. Rizzo – the resident pet at the clinic. The Series supporting
11 characters are substantially identical, and at least derivative of the supporting characters in *PETS*.

12     14.    The *PETS* treatment recognized that even though the veterinarian and love interest were
13 the main characters, "the real 'stars' of the show are the animals. The Series Animal Practice
14 describes the show as a "veterinarian practice where it often seems as if the patients are running the
15 place."

16     15.    The *PETS* treatment described set locations, including the clinic lobby, the examining
17 room and the veterinarian's office. The *PETS* treatment also provided story ideas that included a
18 general introduction in the pilot episodes, a Halloween costume contest for pets at the clinic, and an
19 issue about a pet eating chocolate. The first several episodes of the Series *Animal Practice* were
20 primarily focused on set locations that included the clinic lobby, the examining and operating room,
21 and the veterinarian's office. Additionally, stories for the Series included a substantially similar
22 introductory pilot episode, a Halloween costume contest for pets at the clinic, and an issue about a pet
23 eating chocolate.

24     16.    The *PETS* treatment was sent to Greg Malins in January 2011. On information and
25 belief, individuals associated with the Series *Animal Practice*, including those listed as executive

3

producers, had access to the copyrighted protected content in the *PETS* treatment via direct or indirect association with Mr. Malins and/or his representatives.

## COUNT I

### (Copyright Infringement)

17. Plaintiff re-alleges and incorporates by reference the averments pled in paragraphs 1 through 16 of this Complaint.

18. Plaintiff is informed and believes, and based thereon alleges, that Defendants had reasonable access to the original copyrighted work of *PETS*, and there is substantial similarity of ideas and expression between the copyrighted *PETS* treatment and the Series *Animal Practice*.

19. Plaintiff is informed and believe, and based thereon allege, that Defendants' Series, *Animal Practice*, is a derivative work of *PETS*. Defendants' use and publication of the Series without Plaintiff's approval or authorization infringes upon Plaintiff's exclusive copyright pursuant to 17 U.S.C. § 501.

20. Plaintiff is entitled to recover from Defendants the amount of their actual damages incurred as a result of the infringement, in such amount as is shown by appropriate evidence upon the trial of this case. 17 U.S.C. § 504. Based on the conduct alleged, Plaintiff is entitled to statutory damages arising from this infringement, including statutory and exemplary damages for Defendants' "willful" infringement of Plaintiffs' copyrighted works. 17 U.S.C. § 504(c)(2).

21. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiffs have no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Plaintiff's copyright is unique and valuable property having market value impractical to assess, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Plaintiff, is continuing.

22. Plaintiff is also entitled to recover attorneys' fees and costs of suit. 17 U.S.C. § 505.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff DuckHole prays that the Court grant the following relief and judgment:

1. A grant of injunctive relief against Defendants, and that Defendants, their directors, principals, officers, agents, representatives, servants, employees, successors and assigns, and all others in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from copying, modifying, distributing or making infringing use of derivative works of *PETS*, such as the Series *Animal Practice*;

2. Disgorgement of all ill-gotten profits earned by virtue of Defendants unauthorized sale and distribution of unauthorized works bearing the copyrighted works of Plaintiff;

3. An award of any and all damages to which Plaintiff is entitled under the United States Copyright Act, including but not limited to, statutory and exemplary damages for Defendants' willful infringement, including enhanced penalties, attorney fees and costs (17 U.S.C. § 504);

4. A grant to Plaintiff of restitution value of all benefits the Defendants unlawfully received by reason of their copyright infringement;

5. An order for Defendants to pay Plaintiff's litigation expenses, including reasonable attorney's fees and costs of this action;

6. An award of punitive damages sufficient to deter Defendants' unlawful conduct, and;

7. Such further and other relief as the Court and/or jury may deem proper and just.

## DEMAND FOR JURY TRIAL

DuckHole demands a jury trial on all issues so triable.

///
///
///
///

AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT        12-CV-10077-JAK (CW)

Dated: January 11, 2013

Respectfully submitted,

By: /s/ Paul J. Andre

Paul J. Andre
pandre@kramerlevin.com
Lisa Kobialka
lkobialka@kramerlevin.com
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
DUCKHOLE, INC.

6

AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT          12-CV-10077-JAK (CW)